**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ROBERT ELIAS GEORGE SHAPIRO,**<br><br>Plaintiff,<br><br>v.<br><br>**KATHERINE SUGA et al.,**<br><br>Defendants. | Civil Action No. 16-4068 (ES) (MAH)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court by way of *pro se* Plaintiff Robert Elias George Shapiro's filing, in the United States District Court for the Southern District of New York, of a Complaint along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and the subsequent transfer of the matter to the District of New Jersey. (*See* D.E. Nos. 1, 2, 3). In the transfer order, Chief Judge Colleen McMahon of the Southern District of New York directed that "the transferee court" determine whether Plaintiff should be permitted to proceed *in forma pauperis*. (D.E. No. 3 at 3).[1] Having considered Plaintiff's application to proceed *in forma pauperis*, the Court concludes that Plaintiff has adequately established that his financial condition renders payment of the $400.00 filing fee a hardship.

However, after a court determines that a plaintiff is qualified to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court must then "screen" the complaint to determine whether it

---

[1] Additionally, subsequent to the transfer and the case being assigned to the Undersigned, Plaintiff submitted a letter in which, among other things, Plaintiff again requests permission to proceed without payment of fees. (D.E. No. 12).

is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Having thoroughly reviewed Plaintiff's Complaint, (D.E. No. 2, Complaint ("Compl.")), the Court dismisses the Complaint for failure to state claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  In particular, the Complaint asserts the following factual allegations:

> "Staff at [Seton Hall] University tried to injure [Plaintiff] or cause bodily and legal harm";
>
> "Faculty at Seton Hall University requested for treatments or conditions improperly and or [sic] attempted to advise him to seek behavioral treatment for them causing harm to him";
>
> "The Doctor or University personnel then tried to sabotage his Diploma";
> "Seton Hall ignored safety provisions and directed Karen Van Norman and Katherine Evans to prescribe treatment to him";
>
> "After requesting for treatment all three individuals caused complications while, during, and after completing the requested treatment and documentation grievance procedure";
>
> "Two faculty at Columbia University indirectly exposed him to torture, and other federal issues after the Seton Hall Faculty caused the harm";
>
> "Seton Hall University information utilized [sic] HHC Insurance information and shut-off my scheduled hours by electronic device causing proxy and logistics errors through DSP logistics platforms[] and corporate (CODE)-NJCS or EHRPD and by E-MAIL Proxy or Protocol from Karen Van Norman and the office of Dr. Katherine Evans";
>
> "Afterward the Hospital attempted to deem him incompetent and unable to remain employed and a student."

(Compl. at 3, III.C.).  Furthermore, Plaintiff states that he suffered the following injuries:

> "Neck pain and or sprain, Rib sprain, Bruised Rib & Stolen Bicycle, Broken Nose, - went to Emergency room on two seperate [sic] visits – no treatment required[, t]old to be patient and let neck, nose and rib heal";

2

"Denied Diploma – Bachelor's Degree, the Faculty requested him to seek a lawyer and to seek 6 months of behavioral treatment as a penalty";

"Issued citation & or was deemed by another external agency as a *suspended driver* for an issue he did not cause or complicate. The supervisor Frank Patrone scolded him to correct the debts he caused."

(*Id.* at 3, IV.).

Thus, Plaintiff's Complaint is comprised of generalized allegations against "Staff," "Faculty," and "The Doctor or University personnel" that fail to specify which particular Defendants are liable for which particular causes of action, and why. And, those generalized allegations—such as "Staff at [Seton Hall] University tried to injure [Plaintiff] or cause bodily and legal harm" and "Faculty at Seton Hall University requested for treatments or conditions improperly and or [sic] attempted to advise him to seek behavioral treatment for them causing harm to him", (*id.* at 3, III.C.)—are devoid of substantive factual content, failing to meet the Supreme Court's requirement of more than "the-defendant-unlawfully-harmed-me accusation[s]," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Even where particular Defendants are named, Plaintiff does not state recognized causes of action. For example, Plaintiff states that "Seton Hall ignored safety provisions and directed Karen Van Norman and Katherine Evans to prescribe treatment to him" and that "After requesting for treatment all three individuals caused complications while, during, and after completing the requested treatment and documentation grievance procedure." (Compl. at 3, III.C.). Leaving aside that Plaintiff does not specify what "safety provisions" were allegedly "ignored" or what "complications" were "caused," the Court cannot—and Defendants should not be expected to—decipher the basis in law of purported causes of action for "ignoring safety provisions," "direct[ing]" certain persons "to prescribe treatment," or "caus[ing] complications while, during, and after completing the requested treatment."

3

Accordingly, the Court will dismiss Plaintiff's Complaint for failure to adhere to Rule 8's pleading requirements. The shortcomings discussed above do not, however, foreclose the possibility that Plaintiff may be able to state a cognizable claim by filing an amended complaint. Therefore, considering Plaintiff's *pro se* status, the Court dismisses the Complaint without prejudice, with leave to file an amended complaint.

In the event Plaintiff seeks to amend his complaint and re-plead his claims, the Court advises that a properly pleaded complaint must contain, under each count, a cause of action against a clearly identified defendant or defendants and the specific factual allegations that would permit the court to draw the reasonable inference that the identified defendant or defendants are liable for that cause of action. *See Iqbal*, 556 U.S. at 678; *see, e.g.*, *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) ("[The plaintiff]'s complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.").

An appropriate Order follows.

s/*Esther Salas*<br>
**Esther Salas, U.S.D.J.**